**UNITED STATES DISTRICT COURT**
**Middle District of Florida**
Office of the Clerk
United States Courthouse
Tampa, Florida 33602
www.flmd.uscourts.gov

Sheryl L. Loesch
Clerk

Tampa Division Manager
(813) 301-5400

# F I L E D

MAY 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

April 25, 2008

RE: Edward P. McGee
CASE NUMBER: 8:00-cr-72-T-24

<u>**TRANSMITTAL OF RECORD TO ANOTHER DISTRICT**</u>

      The above numbered case has been transferred to your district pursuant to Order of Court signed by United States District Judge Susan C. Bucklew on April 1, 2008..

      Transmitted with this letter is the certified copy of the docket sheet and an extra copy of this letter. I request that you date stamp the copy of this letter and return it to me in the addressed envelope provided.

                        Sincerely,

                        SHERYL L. LOESCH, CLERK

                           B. Napier
                        Deputy Clerk

Receipt is acknowledged of the documents described herein.

New Case Number: _O8 cr 302_____

Date of Receipt: _____

By: _____
           Deputy Clerk

## Transfer Documents

8:00-cr-00072-SCB USA v. Ruiz **CASE CLOSED on 11/29/2001**
CLOSED, INTERPRETER, PRIOR, SL DOC, TGW

### U.S. District Court

### Middle District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 4/25/2008 at 8:32 AM EDT and filed on 4/24/2008
**Case Name:**       USA v. Ruiz
**Case Number:**     8:00-cr-72
**Filer:**
**Document Number:** 349

**Docket Text:**
**TRANSFER of jurisdiction to Northern District of Illinois as to Edward P. McGee Transmitted transfer of jurisdiction form, with certified copies of indictment, judgment and docket sheet. (BSN)**

**8:00-cr-72-5 Notice has been electronically mailed to:**

Rachelle DesVaux Bedke rachelle.bedke@usdoj.gov, Serena.Johnson@usdoj.gov, TPADocket.Mailbox@usdoj.gov

Dionja L. Dyer dionja_dyer@fd.org, kay_breland@fd.org, yolie_shiver@fd.org

**8:00-cr-72-5 Notice has been delivered by other means to:**

James E. Ray
Kirby's Bail Bond
Ranger Isurance Company
5101 E. Columbus Drive
Tampa, FL 33619

William Tapia
3906 Dartmouth Avenue
Tampa, FL 33602

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069447731 [Date=4/25/2008] [FileNumber=5256715-0
] [914c0ed3dfdb3ca8d56d736c051c99385f708367fe5a2bb784f96294fd4b3e7d18b
bdcd67d516ccd81843fb9f8df910955a2b2f79fbe684d54959dd7291b3b72]]

| PROB 22 (Rev. 2/88) **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* 8:00-CR-72-T-24B |
|---|---|
| **O8CR 302** | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE Edward P. Mc Gee | DISTRICT Middle District of Florida | DIVISION Tampa |
|---|---|---|
| JUDGE CASTILLO MAGISTRATE JUDGE KEYS | NAME OF SENTENCING JUDGE The Honorable Susan C. Bucklew | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 03/04/2008 | TO 03/03/2011 |

OFFENSE

Conspiracy to Possess with the Intent to Distribute and Distribute Heroin

DOCKETED APR 16 2008

**FILED**

APR 14 2008  TC

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE __Middle__ DISTRICT OF __Florida__

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the __Northern District of Illinois__ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 4-1-2008 | _Susan C Bucklew_ |
|---|---|
| Date | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE __Northern__ DISTRICT OF __Illinois__

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

| APR 14 2008 | _James F. Holderman_ |
|---|---|
| Effective Date | *United States District Judge* |

BY: Deputy Clerk
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 4-17-08

CLOSED, INTERPRETER, PRIOR, SL DOC, TGW

## U.S. District Court
## Middle District of Florida (Tampa)
## CRIMINAL DOCKET FOR CASE #: 8:00-cr-00072-SCB-5
## Internal Use Only

Case title: USA v. Ruiz
Magistrate judge case number: 8:00-mj-00038

Date Filed: 03/08/2000
Date Terminated: 12/07/2000

Assigned to: Judge Susan C Bucklew

Appeals court case numbers: 00-16606-H, 1/17/01, 2/22/01

### Defendant (5)

**Edward P. McGee**
*TERMINATED: 12/08/2000*

represented by **Edward P. McGee**
#38873-018
FCI, Marianna
3625 FCI Road
Marianna, FL 32446
PRO SE

**Terry C. Christian**
Christian & Associates, PA
Suite 203
620 E Twiggs St
Tampa, FL 33602
813/228-7743
Fax: 813/228-6991
Email: tchristian@thelawus.com
*TERMINATED: 12/08/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L LOESCH, Clerk
United States District Court
Middle District of Florida
Deputy Clerk

### Pending Counts

21:846=ND.F CONSPIRACY TO
DISTRIBUTE NARCOTICS
(1)

### Disposition

Imprisonment: 110 months as to count
one of the indictment; Supervised
Release: 36 months; Fine: Waived;
Special Assessment: $100.00;
Participate in 500 hour Intensive Drug
Program

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 21:841A=ND.F NARCOTICS - SELL, DISTRIBUTE, OR DISPENSE (2) | |
| 21:841A=ND.F NARCOTICS - SELL, DISTRIBUTE, OR DISPENSE (3-5) | Imprisonment: 110 months as to count one of the indictment; Supervised Release: 36 months; Fine: Waived; Special Assessment: $100.00; Participate in 500 hour Intensive Drug Program |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Surety**

**Joshua Leon**

**Surety**

**Cecilia Villa de Jimenez**

**Surety**

**James E. Ray**                                    represented by **James E. Ray**
                                                                    Kirby's Bail Bond
                                                                    Ranger Isurance Company
                                                                    5101 E. Columbus Drive
                                                                    Tampa, FL 33619
                                                                    813/248-1715
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*
                                                                    *Designation: Waived or Self (Pro Se)*

**Surety**

**William Tapia**                                  represented by **William Tapia**

3906 Dartmouth Avenue
Tampa, FL 33602
813/229-1850
PRO SE

---

**Plaintiff**

**United States of America**                    represented by **Rachelle DesVaux Bedke**
US Attorney's Office - FLM
Suite 3200
400 N Tampa St
Tampa, FL 33602
813/274-6000
Fax: 813/274-6103
Email: rachelle.bedke@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/07/2000 | 1 | COMPLAINT as to Kenneth Daniel McGhan, Edward P. McGee, Albert Grace Guecia, Charles J. Moody, Nelly Ruiz, Jeramie Marrero before Magistrate Judge Elizabeth A. Jenkins [ 8:00-m -38 ] (caw) (Entered: 02/18/2000) |
| 02/07/2000 | 3 | ARREST WARRANT issued as to Edward P. McGee [ 8:00-m -38 ] (caw) (Entered: 02/18/2000) |
| 02/08/2000 | | (Court only) ** Set interpreter flag. [ 8:00-m -40 ] (caw) (Entered: 02/16/2000) |
| 02/15/2000 | | (Court only) **Added Government attorney Rachelle DesVaux Bedke [ 8:00-m -40 ] (caw) (Entered: 02/16/2000) |
| 02/15/2000 | | ARREST of Edward P. McGee [ 8:00-m -38 ] (caw) (Entered: 02/22/2000) |
| 02/15/2000 | 26 | INITIAL APPEARANCE held on 2/15/00 before Magistrate Judge Thomas G. Wilson as to Edward P. McGee Tape 36/1926-2444 Defendant informed of rights. WAIVED preliminary exam hearing. Attorney Terry Christian appointed. DETAINED as danger to community (record and drug problem). [ 8:00-m -38 ] (caw) Modified on 03/10/2000 (Entered: 02/22/2000) |
| 02/15/2000 | 27 | CJA 23 FINANCIAL AFFIDAVIT by Edward P. McGee [ 8:00-m -38 ] (caw) Modified on 03/10/2000 (Entered: 02/22/2000) |
| 02/16/2000 | 36 | ORDER OF DETENTION as to Edward P. McGee ( Signed by Magistrate Judge Thomas G. Wilson ) [ 8:00-m -38 ] (caw) Modified on 03/10/2000 (Entered: 02/22/2000) |
| | | |

| 02/17/2000 | 40 | CJA 20 as to Edward P. McGee : Appointment of Attorney Terry C. Christian ( Signed by Magistrate Judge Thomas G. Wilson ) [ 8:00-m - 38 ] (caw) Modified on 03/10/2000 (Entered: 02/22/2000) |
| 02/23/2000 | 50 | ARREST WARRANT returned executed as to Edward P. McGee on 2/15/00 [ 8:00-m -38 ] (tmw) Modified on 03/10/2000 (Entered: 02/24/2000) |
| 03/08/2000 |  | Pleadings docketed in the associated magistrate cases are scanned under case nos. 00-38-MJ and 00-40-MJ. (jlg) (Entered: 03/10/2000) |
| 03/08/2000 |  | (Court only) **Added Government attorney Rachelle DesVaux Bedke (jlg) (Entered: 03/10/2000) |
| 03/08/2000 |  | MAGISTRATE JUDGE CASE ASSIGNMENT Magistrate assigned: Thomas G. Wilson (jlg) (Entered: 03/10/2000) |
| 03/08/2000 | 57 | INDICTMENT as to Nelly Ruiz (1) count(s) 1, Jeramie Marrero (2) count(s) 1, 8, Cecilia Villa de Jimenez (3) count(s) 1, 6, 7, Arnaldo Jose Dilone (4) count(s) 1, 7, Edward P. McGee (5) count(s) 1, 2, 3-5, Kenneth Daniel McGhan (6) count(s) 1, 2, 3-5, Charles J. Moody (7) count(s) 1, 3-5, Albert Grace Guecia (8) count(s) 1, 2 (jlg) (Entered: 03/10/2000) |
| 03/16/2000 | 59 | NOTICE OF HEARING setting arraignment for 9:30 3/23/00 for Nelly Ruiz, Jeramie Marrero, Cecilia Villa de Jimenez (SPANISH interpreter required), Edward P. McGee, Kenneth Daniel McGhan, Charles J. Moody, Albert Grace Guecia Scheduled for Magistrate Judge Thomas G. Wilson (crb) (Entered: 03/17/2000) |
| 03/23/2000 | 64 | ARRAIGNMENT held on 03/23/00 as to Nelly Ruiz, Jeramie Marrero, Edward P. McGee, Charles J. Moody, Albert Grace Guecia; defendants pled not guilty as to all counts before Magistrate Judge Thomas G. Wilson Tape 74/1156-1600 (crb) (Entered: 03/24/2000) |
| 03/23/2000 |  | (Court only) **TERMINATED attorney Richard M. Rocha for Cecilia Villa de Jimenez (crb) (Entered: 03/24/2000) |
| 03/24/2000 | 68 | PRETRIAL DISCOVERY ORDER AND NOTICE as to Nelly Ruiz, Jeramie Marrero, Cecilia Villa de Jimenez, Edward P. McGee, Charles J. Moody, Albert Grace Guecia setting status conference for 9:00 4/12/00; jury trial for term commencing 5/1/00 scheduled for Judge Susan C. Bucklew ( Signed by Judge Susan C. Bucklew ) ctc (crb) (Entered: 03/24/2000) |
| 04/12/2000 | 78 | STATUS CONFERENCE held on 4/12/00 before Judge Susan C. Bucklew as to Nelly Ruiz, Jeramie Marrero, Cecilia Villa de Jimenez, Edward P. McGee, Kenneth Daniel McGhan, Charles J. Moody, Albert Grace Guecia; estimate length of trial 3 days; court continues trial of this case to the next trial term of June, 2000. Court Reporter: Paul Spangler (ag) (Entered: 04/13/2000) |
| 04/12/2000 |  | ORAL JOINT MOTION by Jeramie Marrero, Cecilia Villa de Jimenez, Edward P. McGee, Kenneth Daniel McGhan, Charles J. Moody, Albert |

| | | Grace Guecia to continue trial (ag) (Entered: 04/13/2000) |
|---|---|---|
| 04/12/2000 | | ORAL ORDER granting [0-0] oral motion to continue trial as to Nelly Ruiz; granting [0-1] oral joint motion to continue trial as to Jeramie Marrero, Cecilia Villa de Jimenez, Edward P. McGee, Kenneth Daniel McGhan, Charles J. Moody and Albert Grace Guecia. (Entered by Judge Susan C. Bucklew) (ag) (Entered: 04/13/2000) |
| 04/12/2000 | 79 | ORDER setting jury trial for term commencing 6/5/00 for Nelly Ruiz, for Jeramie Marrero, for Cecilia Villa de Jimenez, for Edward P. McGee, for Kenneth Daniel McGhan, for Charles J. Moody, for Albert Grace Guecia scheduled for Judge Susan C. Bucklew , and setting status conference for 9:00 a.m. on 5/10/00 for Nelly Ruiz, for Jeramie Marrero, for Cecilia Villa de Jimenez, for Edward P. McGee, for Kenneth Daniel McGhan, for Charles J. Moody, for Albert Grace scheduled for Judge Susan C. Bucklew (Signed by Judge Susan C. Bucklew), ctc (ag) (Entered: 04/13/2000) |
| 05/12/2000 | 95 | STATUS CONFERENCE held on 5/10/00 before Judge Susan C. Bucklew as to Nelly Ruiz, Jeramie Marrero, Cecilia Villa de Jimenez, Edward P. McGee, Kenneth Daniel McGhan, Charles J. Moody, Albert Grace Guecia Court Reporter: Paul Spangler (rm) (Entered: 05/15/2000) |
| 05/16/2000 | 96 | TRIAL CALENDAR for trial term scheduled for Judge Susan C. Bucklew; Jury trial deadline 9:00 6/5/00 for Nelly Ruiz, for Jeramie Marrero, for Cecilia Villa de Jimenez, for Edward P. McGee, for Kenneth Daniel McGhan, Charles J. Moody, for Albert Grace Guecia ( Signed by Judge Susan C. Bucklew ) (src) (Entered: 05/16/2000) |
| 05/31/2000 | 112 | PLEA AGREEMENT as to Edward P. McGee (crb) (Entered: 05/31/2000) |
| 05/31/2000 | | (Court only) **TERMINATED deadlines as to Edward P. McGee (crb) (Entered: 05/31/2000) |
| 06/02/2000 | 116 | NOTICE OF HEARING set guilty plea hearing for 3:30 6/14/00 for Edward P. McGee scheduled for Magistrate Judge Thomas G. Wilson ( Signed by Deputy Clerk ) ctc (crb) (Entered: 06/05/2000) |
| 06/05/2000 | 118 | AMENDED NOTICE OF HEARING: reset change of plea hearing for 3:30 6/14/00 for Edward P. McGee scheduled for Magistrate Judge Thomas G. Wilson () ctc (rjc) (Entered: 06/06/2000) |
| 06/14/2000 | 125 | GUILTY PLEA HEARING held before Magistrate Judge Thomas G. Wilson; guilty plea proffered as to Edward P. McGee (5) count one of the indictment Court Reporter: Candy Moores Tape: 151/410 - 151/1754 (crb) (Entered: 06/14/2000) |
| 06/15/2000 | 130 | REPORT AND RECOMMENDATION concerning plea of guilty as to Edward P. McGee Objections due by 6/28/00 ( Signed by Magistrate Judge Thomas G. Wilson ) ctc (crb) (Entered: 06/15/2000) |
| 06/15/2000 | 131 | CONSENT to court's inspection of PSI report prior to plea of guilty or finding of guilt by Edward P. McGee (crb) (Entered: 06/15/2000) |

| 06/15/2000 | 132 | NOTICE regarding plea of guilty furnished to counsel as to Edward P. McGee (crb) (Entered: 06/15/2000) |
|---|---|---|
| 06/30/2000 | 150 | ACCEPTANCE OF PLEA of guilty and ajudication of guilt as to Edward P. McGee (5) count one Sentencing set for 9:30 9/29/00 Scheduled for Judge Susan C. Bucklew ( Signed by Judge Susan C. Bucklew ) ctc (crb) (Entered: 07/05/2000) |
| 08/28/2000 | 169 | ORDER granting [165-1] United States' motion for declaration of forfeiture of bond as to Cecilia Villa de Jimenez (3); bond in the sum of $50,000 and interest is forfeited ( Signed by Judge Susan C. Bucklew ) ctc (crb) (Entered: 08/29/2000) |
| 08/28/2000 | 170 | ORDER granting [166-1] Jeramie Marrero's motion to release bond obligation and the return of cash $2,500.00, plus interest, to William Tapia as to Jeramie Marrero (2) Signed by Judge Susan C. Bucklew ) ctc (crb) (Entered: 08/29/2000) |
| 09/27/2000 | 182 | MOTION by USA to continue sentencing as to Edward P. McGee (jlh) (Entered: 09/28/2000) |
| 09/29/2000 | 183 | ORDER granting government's [182-1] motion to continue sentencing as to Edward P. McGee (5); resetting sentencing for 8:30 11/30/00 for Edward P. McGee for Judge Susan C. Bucklew ( Signed by Judge Susan C. Bucklew ) ctc (src) (Entered: 09/29/2000) |
| 10/26/2000 | 198 | NOTICE OF HEARING set sentencing for 9:00 11/29/00 for Edward P. McGee scheduled for Judge Susan C. Bucklew ( Signed by Deputy Clerk ) ctc (crb) (Entered: 10/27/2000) |
| 11/27/2000 | 210 | MOTION by USA unopposed motion to continue sentencing set for 11/29/00 as to Edward P. McGee referred to Judge Susan C. Bucklew (crb) (Entered: 11/28/2000) |
| 11/29/2000 | | ENDORSED ORDER granting [210-1] unopposed motion to continue sentencing set for 11/29/00 until after the trial of Arnaldo Jose Dilone during the week of 12/04/00 as to Edward P. McGee (5) ( Signed by Judge Susan C. Bucklew ) ctc (crb) (Entered: 11/29/2000) |
| 11/29/2000 | 211 | NOTICE OF HEARING reset sentencing for 8:30 12/7/00 for Edward P. McGee scheduled for Judge Susan C. Bucklew ( Signed by Deputy Clerk ) ctc (crb) (Entered: 11/29/2000) |
| 12/07/2000 | 226 | MOTION with memorandum in support by USA as to Edward P. McGee to recognize defendant's substantial assistance pursuant to Rule 5k1.1 referred to Judge Susan C. Bucklew (crb) (Entered: 12/08/2000) |
| 12/07/2000 | 227 | SENTENCING held on 12/07/00 before Judge Susan C. Bucklew, as to Edward P. McGee (5) Imprisonment: 110 months as to count one of the indictment; Supervised Release: 36 months; Fine: Waived; Special Assessment: $100.00; Participate in 500 hour Intensive Drug Program , Counts 2,3,4,5 dismissed on motion of the U.S. Attorney ; granting [226-1] government's motion for downward departure Court Reporter: Paul Spangler (crb) (Entered: 12/08/2000) |

| 12/08/2000 | 228 | JUDGMENT as to Edward P. McGee ( Signed by Judge Susan C. Bucklew ) ctc (crb) (Entered: 12/08/2000) |
|---|---|---|
| 12/14/2000 | 243 | NOTICE OF APPEAL re: [228-1] judgment order by Edward P. McGee (5) count(s) 1. No filing fee paid. Transcript information form due on 12/28/00 for Edward P. McGee ctc (dlg) (Entered: 12/14/2000) |
| 12/14/2000 | | TRANSMITTAL of initial appeal package to USCA consisting of certified copies of notice of appeal, docket sheet, and order/judgment being appealed, and motion, if applicable, re: [243-1] appeal as to Edward P. McGee. Notice to counsel sent. Notice to Probation sent. Transcript information form sent. (dlg) (Entered: 12/14/2000) |
| 12/18/2000 | 245 | ORDER denying [242-1] defendant's motion for new trial as to Arnaldo Jose Dilone (4) ( Signed by Judge Susan C. Bucklew ) ctc (crb) (Entered: 12/19/2000) |
| 12/27/2000 | | NOTICE assigning 11th Circuit case number re: [243-1] appeal Initial appeal package received 12/19/00 USCA #: 00-16606-H (cdm) (Entered: 12/27/2000) |
| 01/11/2001 | 248 | TRANSCRIPT INFORMATION FORM filed as to Edward P. McGee re: [243-1] appeal; transcript of guilty plea hearing (6/14/00) and sentencing (12/7/00) requested; USCA # 00-16606-H (dlg) Modified on 01/11/2001 (Entered: 01/11/2001) |
| 01/17/2001 | 249 | COURT REPORTER ACKNOWLEDGMENT by Paul Spangler as to Edward P. McGee re: [243-1] appeal; estimated sentencing transcript filing date 1/17/01; USCA # 00-16606-H (dlg) (Entered: 01/17/2001) |
| 01/17/2001 | 250 | TRANSCRIPT of sentencing hearing held on 12/7/00 before Judge Susan C. Bucklew as to Edward P. McGee re: [243-1] appeal. Court Reporter: Paul Spangler; Transcript filed separately. (dlg) (Entered: 01/17/2001) |
| 01/17/2001 | 251 | NOTIFICATION that sentencing transcript has been filed by court reporter Paul Spangler as to Edward P. McGee re: [243-1] appeal with District Court on 1/17/01. (dlg) (Entered: 01/17/2001) |
| 01/18/2001 | 252 | RETURN of judgment executed as to Edward P. McGee on 01/10/01 at FCI, Marianna, Florida (crb) (Entered: 01/19/2001) |
| 01/25/2001 | 254 | COURT REPORTER ACKNOWLEDGMENT by Diane L. Montana as to Edward P. McGee re: [243-1] appeal; estimated transcript filing date 2/22/01; USCA # 00-16606-H (dlg) (Entered: 01/26/2001) |
| 02/13/2001 | 256 | TRANSCRIPT of change of plea proceedings held on 6/14/00 before Magistrate Judge Thomas G. Wilson as to Edward P. McGee re: [243-1] appeal Court Reporter: Candi L. Moors; Transcript filed separately. (dlg) Modified on 02/20/2001 (Entered: 02/14/2001) |
| 02/16/2001 | 257 | NOTIFICATION that the guilty plea hearing transcript has been filed by as to Edward P. McGee re: [243-1] appeal with District Court on 2/13/01. Certificate of readiness due 3/2/01 for Edward P. McGee USCA # 00-16606-H (dlg) (Entered: 02/20/2001) |

| 02/21/2001 | 258 | CJA 24 voucher # TPA2401-008 authorizing payment of $ 81.00 to Paul K. Spangler for transcript as to Edward P. McGee ( Signed by Judge Susan C. Bucklew ) (rjc) (Entered: 02/22/2001) |
| 02/26/2001 | 259 | CERTIFICATE of readiness with certified copies of indexed district court docket sheet sent to USCA re: [243-1] appeal as to Edward P. McGee (ROA consists of: PSI, Volume pleadings: 1; Volume transcripts: 2) USCA# 00-16606-H ctc (dlg) (Entered: 02/26/2001) |
| 02/26/2001 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Edward P. McGee (dlg) (Entered: 02/27/2001) |
| 03/06/2001 | | ACKNOWLEDGMENT as to Edward P. McGee by USCA re: [243-1] appeal of receiving certificate of readiness on 3/1/01 USCA # 00-16606-H (dlg) (Entered: 03/07/2001) |
| 03/16/2001 | 261 | CJA 20 voucher # TPA2001-027 authorizing payment of $3,060.04 to Terry C. Christian for defendant Edward P. McGee ( Signed by Judge Susan C. Bucklew ) (crb) Modified on 03/20/2001 (Entered: 03/20/2001) |
| 04/10/2001 | 262 | CJA 24 voucher # TPA2401-042 authorizing payment of $111.50 to Montana Reporting Service for transcript as to Edward P. McGee ( Signed by Magistrate Judge Thomas G. Wilson ) (crb) (Entered: 04/10/2001) |
| 05/04/2001 | | REQUEST by USCA to forward the record on appeal as to Edward P. McGee [243-1] appeal USCA # 00-16606-HH (dlg) (Entered: 05/04/2001) |
| 05/07/2001 | | RECORD on appeal sent to USCA as to Edward P. McGee re: [243-1] appeal (ROA consists of: PSI, Volume pleadings: Volume transcripts: 2) USCA# 00-16606-HH ctc (dlg) (Entered: 05/07/2001) |
| 05/14/2001 | | ACKNOWLEDGMENT as to Edward P. McGee by USCA re: [243-1] appeal of receiving record on appeal on 5/9/01 USCA # 00-16606-HH (dlg) (Entered: 05/14/2001) |
| 11/29/2001 | | (Court only) CASE CLOSED as to Nelly Ruiz, Jeramie Marrero, Cecilia Villa de Jimenez, Arnaldo Jose Dilone, Edward P. McGee, Kenneth Daniel McGhan, Charles J. Moody, Albert Grace Guecia (all defendants). (jnb) (Entered: 11/30/2001) |
| 12/04/2001 | | SEALED DOCUMENT. S- 9 (jlh) (Entered: 12/05/2001) |
| 12/04/2001 | | SEALED DOCUMENT. S- 10 (jlh) (Entered: 12/05/2001) |
| 01/10/2002 | | IN-CAMERA PROCEEDING S- 11. (eec) (Entered: 01/11/2002) |
| 03/15/2002 | 291 | USCA DECISION (certified copy) as to Edward P. McGee [243-1] appeal affirming judgment/order Edward P. McGee (5) count(s) 1 Mandate date: 3/13/02 USCA EOD: 2/12/02 USCA # 00-16606-HH (dlg) (Entered: 03/15/2002) |
| 03/15/2002 | | RECORD on appeal as to Edward P. McGee returned from USCA re: (ROA consists of: PSI, Volume pleadings: 1; Volume transcripts: 2) |

| | | USCA# 00-16606-HH (dlg) (Entered: 03/15/2002) |
|---|---|---|
| 03/15/2002 | | (Court only) **TERMINATED pending appeal as to Edward P. McGee re: USCA # 00-16606HH (dlg) (Entered: 03/15/2002) |
| 03/15/2002 | | (Court only) **CLEARED appeal flag - no further appeals pending (dlg) (Entered: 03/15/2002) |
| 03/15/2002 | | PRESENTENCE INVESTIGATION REPORT as to Edward P. McGee returned to probation. (dlg) (Entered: 03/15/2002) |
| 11/12/2002 | | Endorsed order [300-1] addressed to Cecilia Villa de Jimenez returned: forwarding order expired. (jab) (Entered: 11/13/2002) |
| 11/18/2002 | | Document [4-1] sent to Cecilia Villa de Jimenez returned: forwarding time expired. (jab) (Entered: 11/18/2002) |
| 03/05/2003 | 304 | MOTION by Edward P. McGee to vacate under 28 U.S.C. 2255 (related case # 8:03-cv-421-T-24TGW) (jab) (Entered: 03/07/2003) |
| 03/10/2003 | 305 | ORDER administratively closing the civil case as to Edward P. McGee. ( Signed by Judge Susan C. Bucklew ) ctc (jab) (Entered: 03/11/2003) |
| 03/11/2003 | 306 | ORDER as to Edward P. McGee directing clerk to send 2255 motion and supporting documentation to the government. The government has 25 days from the date of this order to respond. ( Signed by Judge Susan C. Bucklew ) ctc (jab) (Entered: 03/12/2003) |
| 04/01/2003 | 307 | MOTION by USA to extend time through 5/9/03 to respond to petition as to Edward P. McGee. (jab) (Entered: 04/01/2003) |
| 04/08/2003 | | ENDORSED ORDER granting [307-1] motion to extend time through 5/9/03 to respond to petition as to Edward P. McGee (5). ( Signed by Judge Susan C. Bucklew ) ctc (jab) (Entered: 04/09/2003) |
| 05/07/2003 | 308 | RESPONSE by USA to [173-1] petition. (jab) (Entered: 05/08/2003) |
| 06/12/2003 | 310 | ORDER denying [304-1] motion to vacate under 28 U.S.C. 2255 (related case # 8:03-cv-421-T-24TGW) to Edward P. McGee (5) ( Signed by Judge Susan C. Bucklew ) ctc (jab) (Entered: 06/13/2003) |
| 08/13/2003 | | (Court only) **Renotice document [323-1] judgment order (jab) (Entered: 08/13/2003) |
| 10/28/2003 | 326 | ORDER granting [325-1] motion to extend time to file notice of appeal and a certificate of appealability, petitioner shall have until November 10, 2003 to file a Notice of Appeal, as to Cecilia Villa de Jimenez (3) (Signed by Judge Susan C. Bucklew) ctc (sah) (Entered: 10/29/2003) |
| 12/24/2003 | | NOTICE dated 12/15/03 assigning 11th Circuit case number re: [327-1] appeal as to Cecilia Villa De Jimenez. Appeal number assigned: USCA #: 03-16380-A (crs) (Entered: 12/24/2003) |
| 02/02/2004 | | (Court only) **CLEARED appeal flag - no further appeals pending (crs) (Entered: 02/03/2004) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA            :
                                    :
                                    :
v.                                  :    CASE NO. 8: 00 CR 72-T-24B
                                    :
                                    :
NELLY RUIZ                          :
a/k/a "India",                      :
JERAMIE MARRERO,                    :
CECILIA VILLA DE JIMENEZ            :
a/k/a "C.J.",                       :
ARNALDO JOSE DILONE,                :
EDWARD P. McGEE,                    :
KENNETH McGHAN,                     :
CHARLES MOODY, and                  :
ALBERT GUECIA                       :

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

From an unknown date, but starting at least as early as on or about December 9,

1999 through and including January 20, 2000, at Hillsborough and Pinellas Counties, in

the Middle District of Florida, and elsewhere, the defendants,

NELLY RUIZ
a/k/a "India",
JERAMIE MARRERO,
CECILIA VILLA DE JIMENEZ
a/k/a "C.J.",
ARNALDO JOSE DILONE,
EDWARD P. McGEE,
KENNETH McGHAN,
CHARLES MOODY, and
ALBERT GUECIA,



did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to commit offenses against the United States of America, that is: to knowingly and intentionally possess with intent to distribute and distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.


## COUNT TWO

On or about December 9, 1999, at Pinellas Park, in the Middle District of Florida, the defendants,

EDWARD P. McGEE,
KENNETH McGHAN,
and
ALBERT GUECIA,

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

2

## COUNT THREE

On or about December 13, 1999, at Pinellas Park, in the Middle District of

Florida, the defendants,

EDWARD P. McGEE,
KENNETH McGHAN,
and
CHARLES MOODY,

did knowingly and intentionally distribute a quantity of a mixture or substance containing

a detectable amount of heroin, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18,

United States Code, Section 2.

## COUNT FOUR

On or about December 16, 1999, at Pinellas Park, in the Middle District of

Florida, the defendants,

EDWARD P. McGEE,
KENNETH McGHAN,
and
CHARLES MOODY,

did knowingly and intentionally distribute a quantity of a mixture or substance containing

a detectable amount of heroin, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18,

United States Code, Section 2.

3

## COUNT FIVE

On or about January 19, 2000, at Pinellas Park, in the Middle District of Florida,

the defendants,

> EDWARD P. McGEE,
> KENNETH McGHAN,
> and
> CHARLES MOODY,

did knowingly and intentionally distribute a quantity of a mixture or substance containing

a detectable amount of heroin, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18,

United States Code, Section 2.


## COUNT SIX

On or about January 19, 2000, at Tampa, in the Middle District of Florida, the

defendant,

> CECILIA VILLA DE JIMENEZ
> a/k/a "C.J.",

did knowingly and intentionally possess with intent to distribute approximately 43.4

grams of a mixture or substance containing a detectable amount of heroin, a Schedule

II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

4

## COUNT SEVEN

On or about January 19, 2000, at Tampa, in the Middle District of Florida, the defendants,

CECILIA VILLA DE JIMENEZ
a/k/a "C.J.",
and
ARNALDO JOSE DILONE,

did knowingly and intentionally possess with intent to distribute approximately 120.5

grams of a mixture or substance containing a detectable amount of heroin, a Schedule

II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18,

United States Code, Section 2.

## COUNT EIGHT

On or about January 20, 2000, at Tampa, in the Middle District of Florida, the defendant,

NELLY RUIZ
a/k/a "India",
and
JERAMIE MARRERO,

did knowingly and intentionally possess with intent to distribute a quantity of a mixture

or substance containing a detectable amount of heroin, a Schedule II controlled

substance.

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18,

United States Code, Section 2.

5

## FORFEITURES

1.    The allegations contained in Counts One through Eight of this Indictment
are hereby realleged and incorporated by reference for the purpose of alleging
forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

2.    From their engagement in any or all of the violations alleged in Counts
One through Eight of this Indictment, punishable by imprisonment for more than one
year, the defendants shall forfeit to the United States, pursuant to Title 21, United
States Code, Section 853(a)(1) and (2), all of their interests in:

      a.    Property constituting and derived from any proceeds the
defendants obtained, directly or indirectly, as a result of such
violations; and

      b.    Property used and intended to be used in any manner or part to
commit and to facilitate the commission of such violations.

3.    If any of the property described above as being subject to forfeiture, as a
result of any act or omission of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred, sold to or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be
subdivided without difficulty;

6

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of said defendants up to the value of the

above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

DONNA A. BUCELLA
United States Attorney

By: _Rachelle Desvaux Bedke_

RACHELLE DESVAUX BEDKE
Assistant United States Attorney

By: _Stephen M. Kunz_

STEPHEN M. KUNZ
Assistant United States Attorney
Deputy Chief, Criminal Division

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By _Brenda S. Napier_
Deputy Clerk

BBEVERLY/BEDKE/MCGHAN/INDICTMENT.MCGHAN ET AL.

7

FORM OBD-34
SEP 1978

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

NELLY RUIZ
a/k/a "India",
JERAMIE MARRERO,
CECILIA VILLA DE JIMENEZ
a/k/a "C.J.",
ARNALDO JOSE DILONE,
EDWARD P. McGEE,
KENNETH McGHAN,
CHARLES MOODY, and
ALBERT GUECIA

## INDICTMENT

Violations:
Title 21, United States Code, Sections 846 and 841(a)(1)
Title 18, United States Code, Section 2

_____ A true bill.

_____ Foreperson

Filed in open court this 8th day
of March, A.D. 2000.

_____ Clerk

Bail    $

GPO 863 525

AO 245B (8/96 Rev. locally 9/97) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

FILED

CO DEC -8 PM 1: 85

C. . . . . 'T COURT
M. . . . . . . FLORIDA

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:   8:00-CR-72-T-24B

vs.

EDWARD P. McGEE

Defendant's Attorney:  Terry Christian, Esq.

THE DEFENDANT:

X   pleaded guilty to Count One of the Indictment.
___   pleaded nolo contendere to count(s) which was accepted by the court.
___   was found guilty on Count(s)  after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to Possess with the Intent to Distribute and Distribute Heroin | January 20, 2000 | One |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

___   The defendant has been found not guilty on count(s)
X   Counts Two, Three, Four & Five of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence: December 7th, 2000

**SUSAN C. BUCKLEW**
**UNITED STATES DISTRICT JUDGE**

DATE:  December 7th, 2000

I hereby certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By Brenda S. Napier
Deputy Clerk

AO 245B (8/96) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| Defendant: | EDWARD P. McGEE | Judgment - Page _2_ of _7_ |
| Case No.: | 8:00-CR-72-T-24B | |

## IMPRISONMENT

       The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of *ONE HUNDRED AND TEN (110) MONTHS* as to Count One of the Indictment.

__X__    The court makes the following recommendations to the Bureau of Prisons:

    Defendant serve term at FCI Coleman or another institution within the State of Florida.
    Defendant participate in the 500 Hour Intensive Drug Program.

__X__    The defendant is remanded to the custody of the United States Marshal.
____    The defendant shall surrender to the United States Marshal for this district.

       __ at __ a.m./p.m. on __.
       __ as notified by the United States Marshal.

__    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

       __ before 2 p.m. on __.
       __ as notified by the United States Marshal.
       __ as notified by the Probation or Pretrial Services Office.

## RETURN

    I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

                                _____

                                 United States Marshal

                                 By:_____
                                 Deputy Marshal

AO 245B (8/96 Rev. locally 9/97) Sheet 3 - Supervised Release

| | |
|---|---|
| Defendant:   EDWARD P. McGEE | Judgment - Page _3_ of _7_ |
| Case No.:   8:00-CR-72-T-24B | |

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THIRTY-SIX (36) MONTHS** as to Count One of the Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

___   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

The defendant shall comply with the following standard conditions that have been adopted by this court.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

AO 245B (8/96 Rev. locally 9/97) Sheet 3a - Supervised Release

| | | |
|---|---|---|
| Defendant: | EDWARD P. McGEE | Judgment - Page __4__ of __7__ |
| Case No.: | 8:00-CR-72-T-24B | |

## SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

__X__      The defendant shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

AO 245B (8/96 Rev. locally 9/97) Sheet 5, Part A - Criminal Monetary Penalties

| | |
|---|---|
| Defendant:   EDWARD P. McGEE | Judgment - Page _5_ of _7_ |
| Case No.:   8:00-CR-72-T-24B | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | $Waived | $N/A |

## FINE

The above fine includes costs of incarceration and/or supervision.

___  The court has determined that the defendant does not have the ability to pay interest.  It is ordered that:

    ___ The interest requirement is waived.
    ___ The interest requirement is modified as follows:

## RESTITUTION

___  The determination of restitution is deferred until ___.  An Amended Judgment in a Criminal Case will be entered after such a determination.  The U.S. Attorneys Office is directed to provide the necessary information to the court.

___  The defendant shall make restitution to the following victims in the amounts listed below:

___  Restitution is ordered jointly and severally with:

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| | Totals: | $ ___ | $ ___ |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. §3664(f)(3)(B), the court orders nominal payments and this is reflected on Sheet 6, Statement of Reasons.

AO 245B (8/96 Rev. locally 9/97) Sheet 5 Part B - Criminal Monetary Penalties

| | | |
|---|---|---|
| Defendant: | EDWARD P. McGEE | Judgment - Page ___ of ___ |
| Case No.: | 8:00-CR-72-T-24B | |

### SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) non-federal restitution; (3) federal restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties.

Payment of the total criminal monetary penalties shall be due as follows:

I.      __X__   In full

        A.     __X__ due immediately

        B.     _____ on or before _____

II.     ___ In installments

        A.    ___    monthly in installments of $ __ over a period of __ months, to commence __ days after date of this judgment.

        B.    ___    in __ installments of $ __ over a period of__ to commence __ days after the date of this judgment.

Any payment ordered under Part II, must comply with 18 U.S.C. §3572, 18 U.S.C. §3664(n), and include a provision under 18 U.S.C. §3664(k) in which defendant must notify the court of any material changes in defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. §3664(f)(3)(A):

In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ The defendant shall forfeit the defendant's interest in the following property to the United States:

If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the court.